DECISION. *Page 2 
{¶ 1} Nichole Evans was arrested for possession and trafficking of cocaine after a police officer found a baggie of crack cocaine in her pocket. Evans moved to suppress the crack cocaine, alleging that she had been illegally searched. The trial court denied her motion. Evans then pleaded no contest and was convicted. In this appeal, she argues that a search warrant for her apartment was invalid and that she was improperly searched. We hold otherwise and affirm.
 II. The Warrant and Pocket Search {¶ 2} A confidential informant had told police that drug sales were taking place at 907 Foraker Avenue, Apartment 1, in Cincinnati. The building was a multi-unit residential apartment building. Evans rented Apartment 1. Officer Jeff Ray completed an affidavit for a search warrant. The affidavit stated that the number "1" was clearly affixed to the center of the door, and that the apartment was in the northwest portion of the second floor. The warrant and affidavit also indicated that a person named "Kenny LNU" (last name unknown) was the person who was selling drugs to the informant. Although 907 Foraker, Apartment 1 was Evans's residence, Evans was not named anywhere in the warrant or the affidavit.
 {¶ 3} At approximately 7:00 p.m., police knocked on Evans's door. The warrant was labeled as high-risk. Thus, a SWAT team entered the apartment and performed the search. Kenny was in the apartment, but Evans had left with her children to go to the store for spaghetti sauce.
 {¶ 4} Evans's door, like all the other doors in the building, was a brown wooden door. The number "1" was not affixed anywhere on the door. No other doors had numbers on them. A witness testified at the suppression hearing that no *Page 3 
numbers had been on any of the doors for at least two years before the search. Ray testified that the confidential informant had told police that the apartment was up one flight of stairs and immediately to the right.
 {¶ 5} At about 7:15 p.m., Evans pulled up to her building and parked across the street. With guns drawn, police officers ordered Evans out of her car. Officer Kathleen Gober asked Evans if she had anything in her pockets. Gober testified at the suppression hearing that Evans had made "furtive" motions towards her pockets.
 {¶ 6} Gober did not immediately place Evans in handcuffs; instead, she took hold of Evans's hands behind her back because she felt that this restraint would give her adequate control of Evans, and because Evans had asked her not to handcuff her in her children's sight. Gober then walked Evans to the back of her car and handcuffed her. Gober put her hands in Evans's pockets and found a baggie of crack cocaine. After Gober had found the drugs, she read Evans her Miranda rights.
 {¶ 7} Evans testified that she had repeatedly asked Gober why the police officers were searching her and her residence. She said that Gober had told her that she was being searched because the police had a search warrant to search her. It is not disputed that Evans did not give her consent to be searched.
 {¶ 8} At one point during the suppression hearing, Gober testified that she had begun to perform a pat-down of Evans's clothes to search for weapons, but had stopped. Later, Gober clarified and said that she had not performed an exterior pat-down at all. Evans testified that Gober had never performed an exterior pat-down, but had immediately reached into her pockets once she was handcuffed.
 {¶ 9} At the hearing, Gober could not remember in which pocket she had found the drugs. Evans testified that the drugs had been in her sweater pocket, which was under her coat. *Page 4 
 {¶ 10} Ray testified that a confidential informant had purchased drugs from Evans in her apartment. Gober testified that police officers had observed Evans making drug sales earlier on the day of her arrest.
 II. Assignments of Error and Law {¶ 11} Evans asserts that the trial court erred by not suppressing the evidence obtained during the search of her apartment and her pockets, because (1) the warrant was invalid because it was based on perjured statements, and (2) the search of Evans's pockets exceeded the scope of the warrant.
 {¶ 12} To attack the validity of a search warrant that was facially sufficient, Evans had to make a substantial showing that the affidavit on which the warrant was based contained a false statement. Further, she had to show that the false statement must have been made by the affiant knowingly and intentionally, or with reckless disregard for the truth.[1] If the trial court had found that Evans had established perjury or reckless disregard, and the false statement was necessary to a finding of probable cause, the trial court would have had to set aside the false statement, strike the affidavit, and invalidate the warrant if probable cause could not be shown without the false statement.[2]
 {¶ 13} But even if the warrant had been invalid, there may have existed independent grounds to search Evans. Under the Fourth Amendment to the United States Constitution, people shall be free from unreasonable searches and seizures. A warrantless arrest of a person is proper if it is supported by probable cause.[3] Whether police officers have probable cause to believe that the person they are arresting has committed a crime depends on the totality of the circumstances.[4] We *Page 5 
must determine whether an objectively reasonable police officer would have believed that the person arrested had committed the alleged crime.[5] Where a formal arrest immediately follows a challenged search, it is not important that the search took place before the arrest if the fruits of the search are not the grounds for the arrest.[6]
 III. Lack of Door Number Did Not Invalidate a Warrant {¶ 14} The affidavit for the warrant stated that the door to the apartment had "#1 clearly affixed in the center." But none of the doors had numbers on them.
 {¶ 15} Officer Ray was the affiant. He testified at the suppression hearing that the confidential informant had told him that the doors had numbers on them. His statement was not perjury, nor was it reckless disregard for the truth. The warrant was for 907 Foraker Avenue, #1. The officers searched 907 Foraker Avenue, #1. A minor mistake on the affidavit was not enough to invalidate the warrant.
 IV. The Police had Probable Cause to Arrest Evans without a Warrant {¶ 16} Evans was not in the apartment when the police began their search. But police had observed her selling drugs earlier on the day of her arrest. Furthermore, the confidential informant had bought drugs from her during one of two controlled purchases.
 {¶ 17} Even if the search warrant was invalid, or even if the search of Evans went beyond the scope of the warrant because she was not in the residence, the police had probable cause to arrest Evans. Without the baggie of crack cocaine that the police found on Evans, there was sufficient evidence for an objective police officer to believe that Evans had trafficked in cocaine, because police officers had actually observed Evans selling drugs. Gober had probable cause to arrest Evans *Page 6 
based on these observations. The baggie of crack cocaine was not necessary to establish probable cause for Evans's arrest. Therefore, the search was not an infringement on Evans's constitutional rights. Accordingly, we overrule the assignment of error and affirm the trial court's judgment.
Judgment affirmed.
SUNDERMANN and CUNNINGHAM, JJ., concur.
[1] Franks v. Delaware (1978), 438 U.S. 154, 155, 98 S.Ct. 2674.
[2] Id. at 156.
[3] United States v. Watson (1976), 423 U.S. 411, 424,96 S.Ct. 820.
[4] Maryland v. Pringle (2003), 540 U.S. 366, 371, 124 S.Ct. 795.
[5] Id.
[6] Rawlings v. Kentucky (1980), 448 U.S. 98, 111,100 S.Ct. 2556. *Page 1